(23 Misc. Rep. 623.)

### REGAN v. FOSDICK.

(Supreme Court, Appellate Term. June 6, 1898.)

ACTION FOR RENT—USE AND OCCUPATION.

Where a landlord who sues for double rent, under 2 Rev. St. (9th Ed.) p. 1819, § 10 (now Real Property Law, § 199), on the theory of the tenant's holding over after giving notice of an intention to quit, fails to make out a case under that section, he cannot, in that action, recover for use and occupation, for such relief, implying a new tenancy, is entirely inconsistent with the theory of the complaint.

Appeal from city court of New York, general term.

Action by James Regan against William Fosdick. From a judgment of the general term (49 N. Y. Supp. 1142) affirming a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before BEEKMAN, P. J., and GILDERSLEEVE and GIEGERICH, JJ.

W. H. Knox, for appellant.

A. E. Walradt, for respondent.

GILDERSLEEVE, J. On November 1, 1895, defendant leased from plaintiff a dwelling house, No. 65 East 124th street, in this city, for six months ending May 1, 1896, at the monthly rent of $75, payable in advance. Defendant went into possession, and on March 15, 1896, gave notice of his intention to quit on May 1, 1896, to plaintiff. Thereafter, and about April 12, 1896, defendant's child was taken sick

in said house with scarlet fever, and continued to be sick with this disease until May 18, 1896.   The case was reported to the bureau of contagious diseases of the board of health, and one of the inspectors took charge of it, and issued an order to defendant that he should not leave the premises "until the child was through desquamating," and he had ordered the premises to be fumigated.   The house was fumigated on May 18th, and defendant left the premises on the 19th of May, 1896, having thus held over 18 days.   Plaintiff brought the action for double rent for the month of May, 1896, under the provisions of the statute.   2 Rev. St. (9th Ed.) p. 1819, § 10.   On the first trial, judgment was given for plaintiff, which judgment was affirmed by the general term of the city court, but was reversed by the appellate term.   See Regan v. Fosdick, 19 Misc. Rep. 489, 43 N. Y. Supp. 1102.   A new trial was had, and judgment was given for the defendant, dismissing the complaint.   This judgment was affirmed by the general term of the city court, and an appeal taken therefrom to this court.

The statute under which plaintiff brings his suit for double rent is as follows, viz.:

"If any tenant shall give notice of his intention to quit the premises by him holden, and shall not accordingly deliver up the possession thereof at the time in such notice specified, such tenant * * * shall, from thence forward, pay to the landlord * * * double the rent which he should otherwise have paid, to be levied, sued for and recovered at the same time and in the same manner as the single rent, and such double rent shall be continued to be paid during all the time such tenant shall continue in possession as aforesaid."

On this point the appellate term held that the statute only applies to a tenancy where the term is indefinite, and the tenant has the right, and seeks, by notice, to terminate it; and the court (McAdam, J.) goes on to say:

"Where the term is definitely fixed, the tenancy expires ex vi termini, and the giving of notice to quit is a work of supererogation, which furnishes no rights, and creates no liabilities.   It is clear, therefore, that the defendant is in no event liable for double rent under the statute."

As to the holding over, the appellate term held that a renewal of a lease by reason of the holding over of a tenant will not be implied where the tenant was prevented from removing by the action of the board of health in quarantining the family, and forbidding such removal; and that the tenant in such case is liable, if at all, only for the use and occupation of the premises for the time he actually occupied them.

The only question, therefore, for us to consider is whether or not the defendant is liable for single rent of the 18-days occupation of the premises, i. e. from May 1, 1896, to May 19, 1896; for, if plaintiff alleged a cause of action for such rent, the trial court erred in dismissing the complaint.   We are of opinion, however, that under the pleadings set forth in the complaint, plaintiff is not entitled to maintain an action or recover a judgment for use and occupation.   There has been no amendment of the complaint.   The complaint sets forth the lease, alleges receipt of notice from defendant of his intention to quit the premises on May 1, 1896, alleges defendant's continuance in

possession, the nonpayment of rent, and concludes by demanding judgment for $150, as double rent. We see, therefore, from a scrutiny of the complaint, and from an examination of the statute, that the cause of action alleged in the complaint is solely a cause of action for double rent, provided for by the statute. The appellate term, as we have seen, has already held that defendant is in no event liable for double rent under the statute. The court further say:

"The rule undoubtedly is that, where a tenant holds over and continues in possession after the expiration of his term, the landlord ordinarily has an election of remedies. He may treat the tenant as a trespasser, by instituting proceedings to eject him; or he may hold him as tenant, on the terms of the original demise. The landlord, not having chosen the former remedy, ought to have declared on the new agreement created by the tenant's conduct and the landlord's election, or alleged facts leaving such new tenancy to be implied, in which case the rent, if any, recoverable, would be $75, the monthly rent reserved in the original lease. The landlord adopted neither of these courses."

It is a fundamental rule that the judgment must be secundum allegata et probata (see Romeyn v. Sickles, 108 N. Y. 652, 15 N. E. 698; Day v. Town of New Lots, 107 N. Y. 148, 13 N. E. 915; Southwick v. Bank, 84 N. Y. 420); and, if the plaintiff recover at all, he must recover under the statute, to which, as we have already seen, he is not entitled. It therefore follows that the complaint was properly dismissed.

The judgment must be affirmed, with costs. All concur.